"and that movants have until the hearing to perfect motion and make such amendments as may be desired." On. October 19th the hearing of the motion was reset for November 14th, counsel for the movants having been unable to appear. On November 14th it was ordered that the hearing of the motion for new trial and the motion to dismiss the same be continued until December 5th. On that day at the hearing the movants tendered and offered to file a brief of all the written and oral evidence that was produced on the trial; but the court refused to allow this to be done, and dismissed the motion for a new trial, to which the movants excepted.

BUSBEE & CRUM, for plaintiff in error.

E. A. HAWKINS, *contra*.

---

### COOPER *v.* WHALEY.

1. The evidence brought up in the bill of exceptions, not having been briefed as the law requires, will not be considered, and the Supreme Court will assume that it was sufficient to authorize all findings by the judge below on questions of fact.

2. There was no error in holding that an equitable petition praying an injunction against the further proceeding of an execution therein mentioned was not demurrable for want of equity, or in granting a temporary injunction upon the facts alleged in such petition, which were as follows: that petitioner had been the claimant in a claim case in which, under an agreement between the parties thereto, a consent judgment had been rendered by the court finding the property subject, but providing that upon the payment of a specified sum, less than the amount of the execution, by a day named, the judgment should be satisfied in full, otherwise to remain of full force and the execution to proceed; that time was not of the essence of the agreement; that petitioner, by her husband as her agent, tendered to the attorney of record for the plaintiffs in execution, they being non-residents, a portion of the money due under said consent judgment, and offered to pay the balance the next day, all of which was before the day fixed for payment by the judgment, but said attorney refused to receive the money tendered and stated he would not then or the next day

receive the whole or any part of the sum due on the judgment, and referred petitioner's agent to one McKinney, a non-resident of the county, who in some way controlled and directed the execution, but whether as owner of the execution or as agent of the plaintiffs was unknown to petitioner; that said attorney gave no intimation that the time of making payment would be regarded as important, and had not previously informed petitioner or her agent that McKinney was authorized to receive the money; that, as soon as so informed, said agent made repeated efforts to find and pay him; that he did not attend the court where it was understood the money was to be paid; and finally, that the money was tendered him, but this was shortly after the day for payment fixed in the judgment, and petitioner now tenders and is ready to pay the same.          *Judgment affirmed.*

August 27, 1892.

Practice. Brief of evidence. Injunction. Judgment. Contract. Before Judge FISH. Webster county. At chambers, February 13, 1892.

This was a petition by Mrs. Whaley for injunction to restrain the sale of land claimed by her, under an execution founded on a judgment in favor of C. & G. Cooper against her husband. The material allegations of the petition are set forth in the second head-note. An answer was filed by the defendants other than the sheriff, which answer was sworn to by McKinney who claimed to be the owner of the execution; and therein issue was taken on the allegations of the petition. The defendants also filed a demurrer on the grounds, that there was no equity in the petition, and that if the complainant had any legal defence the remedy was adequate and complete at common law. The prayer of the petition was, that the defendants be enjoined from proceeding with the levy and sale, except for the sum agreed to be taken in full settlement of the execution and which the petitioner stood ready to pay at all times, etc. After considering the petition, answer and affidavits, the judge ordered that the injunction be granted as prayed for. To this order the defendants excepted, because the court erred in not sustaining the demurrer, and because the evidence

showed that time was of the essence of the contract of settlement, and that there had been no legal tender of the money.

FORT & WATSON and HUDSON & BLALOOK, for plaintiffs in error.

E. A. HAWKINS and B. P. HOLLIS, *contra*.

---

MORGAN *v.* BURKS.

1. A levy upon " the west half of city lot number 79 on the corner of Broad street in the city of Albany, Ga.," sufficiently describes the property seized.
2. Realty of which one is in possession under a contract of purchase, upon which a part of the purchase money has been paid, is subject to sale for his taxes. *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55.
3. The fact that after the sale of such realty for tax, the person for whose tax it was sold paid off and took up an execution which was a lien on the property older than the tax *fi. fa.*, will not vitiate the tax sale. The amendment setting up this fact was properly rejected.
4. There is no error in directing a verdict which is the inevitable and only legal result of the pleadings and evidence.

August 27, 1892.                               *Judgment affirmed.*

Levy. Tax sale. Lien. Verdict. Before Judge BOWER. Dougherty superior court. October term, 1891.

Burks filed his petition for an order to the sheriff of Dougherty county to put him in possession of the west half of lot number 79 on Broad street in the city of Albany, Ga., under a deed from the tax-collector of said county to the lot, made to Burks, and to require Morgan to show cause why the order should not be granted. Morgan answered, alleging that he does not hold the property under the title he had when it was sold for taxes, but under another distinct, different and independent title; that it was not subject to levy and sale for taxes against him as he did not own it at the time of such levy and sale, but now owns and holds it under